IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael N. Gray, #306062, *a/k/a Michael Nathaniel Gray, a/k/a Michael Nathaniel Ty'Sheem Gray,*<br>           Plaintiff,<br>vs.<br>Lieutenant Degroff, Officer T. Malachi, Officer Samuel Beach, and Officer A. Mottox,<br>           Defendants. | Case No.: 4:25-cv-02686-JD-TER<br><br>ORDER |

This matter arises from a civil action initiated by a state prisoner. It is presently before the Court due to Plaintiff's failure to comply with the Magistrate Judge's order concerning service on Defendant Samuel Beach ("Beach").

A service order was entered on April 8, 2025, directing service upon the Defendants, and summonses were duly issued. (DE 7, 10.) Summonses for Defendants Lieutenant Degroff, Officer T. Malachi, and Officer A. Mottox were executed, and these Defendants subsequently filed answers in May 2025. (DE 12–DE 14; DE 17–DE 19.) However, the summons issued for Defendant Beach was returned unexecuted. (DE 22.)

The Marshal's Form USM-285 indicated that after diligent efforts, including attempts at Defendant Beach's last known employer, contacting his mother, and following leads to addresses in Tennessee, service could not be effected. (DE 22.)

1

In response, the Magistrate Judge entered an order (DE 24) directing Plaintiff to provide additional identifying information and to submit updated service documents. The order expressly stated:

> While it is not clear what further information Plaintiff could supply and the USMS conducted an investigation into Defendant Beach's location, the providing of sufficient, accurate, and complete information on the Forms USM-285 is the responsibility of Plaintiff.

(DE 24.)

The order also advised Plaintiff of the consequences under Rule 4(m) of the Federal Rules of Civil Procedure, noting the possibility of dismissal if service was not completed within 90 days. (*Id.*)

Despite this directive, Plaintiff failed to comply within the time provided. The Court's order was mailed to Plaintiff's address of record, was not returned as undeliverable, and it is therefore presumed that Plaintiff received it. No response or additional information has been submitted by Plaintiff, and the period for compliance has expired.

A *pro se* litigant is solely responsible for the prosecution of his case. The Court possesses inherent authority to manage its docket to promote the orderly and expeditious disposition of cases. *See Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). This authority is

further reflected in Rule 41(b) of the Federal Rules of Civil Procedure, which permits dismissal for failure to prosecute.

Given Plaintiff's failure to comply with the Court's order, the Court concludes that Plaintiff does not intend to pursue this case against Defendant Beach. Dismissal of Defendant Beach is thus appropriate under Rule 41(b). Additionally, because service on Defendant Beach was required to be accomplished by July 7, 2025, and was not, dismissal is warranted under Rule 4(m).

Accordingly, Defendant Samuel Beach is hereby DISMISSED from this action WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, or alternatively under Rule 4(m).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 15, 2025